UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SEVILLE HOMES, INC., et al.                                                                PLAINTIFFS

v.                                                                     CIVIL ACTION NO. 3:05CV-477-S

NORTHERN INSURANCE COMPANY OF NEW YORK, et al.                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the defendant, Northern Insurance Company of New York ("NIC"), for partial judgment on the pleadings in this case pursuant to Fed.R.Civ.P. 12(c)(DN 30).

In this action, the plaintiffs, Seville Homes, Inc., *et al.*, (collectively "Seville" herein) allege, among other things, that NIC violated the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA")(Count III, ¶¶ 37(f) and (g)) and the Kentucky Consumer Protection Act ("KCPA")(Count V) in its handling of a claim made against the plaintiffs for defective construction of a home. NIC has moved for judgment on the pleadings as to these claims, urging that Seville has failed to plead all of the material elements of a viable cause of action.

Seville concedes that it has failed to allege a viable claim under the KCPA. Seville Response, p. 7. Therefore, Count V of the complaint will be dismissed.

NIC contends that paragraphs 37(f) and (g) of the complaint are deficient, as they do not contain either direct or inferential allegations with respect to all of the material elements under some viable legal theory. *Commercial Money Center v. Illinois Union Insurance Company,* 508 F.3d 327, 336 (6th Cir. 2007), *quoting, Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005), *cert. denied*, 547 U.S. 1111, 126 S.Ct. 1911, 164 L.Ed.2d 663 (2006). We must construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and

determine whether the moving party is entitled to judgment as a matter of law. *Id.*, *quoting, United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993).

Paragraphs 37(f) and (g) state:

[37.]...f. It [NIC] compelled the Askins to litigate to recover amounts due under the policy held by Seville and Mr. Freeman by offering substantially less than the amount ultimately recovered in action brought by the Askins;

g. It attempted to settle the Askins' claim for less than the amount a reasonable person would have believed they were entitled to by reference to written or printed advertising material accompanying or made part of Seville's and Mr. Freeman's policy of insurance.

The KUCSPA, KRS 304.12-230(7), defines as an unfair claims settlement practice:

(7) Compelling **insureds** to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

NIC notes that the insured under the policy in question was Seville, not the Askins, and therefore NIC has failed to state a claim for violation of this provision. Seville contends that NIC breached 304.12-230(7) because it was sued by the Askins. Despite its wording, Seville urges that NIC should be found to have violated the statute on the ground that *State Farm Mutual Automobile Insurance Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1998) counsels that the KUCSPA is to be liberally construed in order to effectuate its purpose. However, liberal construction is not equivalent to rewriting the statute. This court so held in *Meador v. Indiana Insurance Company*, No. 1:05CV-206-R, 2007 WL 1098208 (W.D.Ky. April 12, 2007), *affm'd*, 2008 WL 2224836 (6th Cir. May 29, 2008), unpubl. The court explained therein that:

The KUCSPA, set forth at KRS 304.12-230, creates both first-party and third-party obligations to settle insurance claims in good faith. *Rawe v. Liberty Mutual Fire Insurance Company*, 462 F.3d 521, 532 (6th Cir. 2006). According to the Supreme Court of Kentucky, the KUCSPA "imposes what is generally known as the duty of good faith and fair dealing owed by an insurer to an insured or to another person bringing a claim under an insurance policy." *Knotts v. Zurich Insurance Company*, 197 S.W.3d 512, 515 (Ky. 2006)(citing 304.12-230). The Supreme Court of Kentucky noted, however, that the KUCSPA did not lay out an "amorphous,

> nonspecific duty...[i]nstead, it proscribes a list of [fifteen] particular acts and practices." *Knotts*, 197 S.W.3d at 515.

*Id*., at *7.

The court in *Meador* held that third-party claimants could not recover under 304.12-230(7) where they alleged that they were forced to litigate to recover amounts owed them by reason of the claims adjustor's refusal to offer them anything in settlement. The court noted that subsection (7) applies where insureds are forced to institute litigation, and the Meadors could not maintain a bad faith claim under that subsection.

Seville urges that *Meador* is inapplicable because Seville is an insured, not a third-party. However, although Seville is a first party to the insurance contract, it was not the party compelled to institute litigation. The principle for which the *Meador* case is cited is that the KUCSPA does not give rise to an amorphous, non-specific duty, but rather proscribes specific acts which constitute unfair claims settlement practices for which liability may be found. Subsection (7) is limited to insureds who have been forced to institute litigation to recover amounts due under the policy. Seville has cited no authority for the proposition that an insured who has not instituted such litigation can state a claim for violation of subsection (7) of KUCSPA.

The KUCSPA, KRS 304.12-230(8), defines as an unfair claims settlement practice:

(8) Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of **an application**...

(emphasis added).

NIC points out that ¶ 37(g) of Seville's complaint references advertising material accompanying Seville's policy of insurance. The complaint makes no reference to an application. Seville's response to this claimed deficiency is that NIC is asking the court to "turn a blind eye toward its own policy provisions and decades of insurance contract law that incorporates into any policy of insurance the application made by the insured." Seville Response, p. 7. Seville does not

cite any policy provisions upon which it relies. Seville cites no authority for the proposition that the application for insurance is incorporated into the policy. In any event, assuming such integration, subsection 8 of 304.12-320 does not appear to have any applicability to these facts. The court can find no cases interpreting this statutory provision, and the parties have cited none. However, this subsection appears to address only first-party insurance; that is, it addresses the disappointed expectations of an insurance applicant. Here, there is no apparent connection between the Askins settlement and Seville's application for insurance. The court therefore concludes that ¶ 37(g) of the complaint fails to state a claim for violation of subsection 8 of the KUCSPA.

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Northern Insurance Company of New York, for partial judgment on the pleadings (DN 30) is **GRANTED** and Count III, ¶¶ 37(f) and (g), and Count V of the Complaint are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**