UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SEVILLE HOMES, INC. et al.                                                                    PLAINTIFFS

v.                                                                                                        NO. 3:05-CV-477-S

ZURICH NORTH AMERICA, et al.                                                              DEFENDANTS

**OPINION AND ORDER**

The plaintiffs, Seville Homes, Inc., and Randy Freeman (collectively "the homebuilder"), move to disqualify attorneys Steven D. Pearson, Philip R. King, James J. Hickey, and their law firm, Meckler Bulger & Tilson LLP, ("Northern Insurance attorneys") as counsel for the defendant, Northern Insurance Company of New York, on the basis of a conflict of interest. After reviewing the parties' memoranda and hearing argument of counsel, the court concludes the motion should be denied.

In *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882 (6th Cir. 1990), the Court of Appeals for the Sixth Circuit stated that disqualification is a proper remedy if: (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification. *Id.* "The party moving for disqualification bears the initial burden of persuasion and proof on its motion." *Bartech Industries, Inc. v. International Baking Co.*, 910 F.Supp. 388, 392 (E.D.Tenn. 1996).

The homebuilder argues the Northern Insurance attorneys' negotiation of a universal settlement in an underlying state court action disqualifies them from representing the homebuilder's adversary, Northern Insurance Company. The Northern Insurance attorneys

object on several grounds but the most persuasive in the court's view is the contention that no attorney-client relationship existed between themselves and the homebuilder, although their insurance client's and the homebuilder-insured's interests were closely aligned in defending a homeowner's claim of defective construction.

In the underlying state court action, Northern Insurance company moved to enforce a settlement negotiated between the homeowner's counsel and the Northern Insurance attorneys, absent the participation of the homebuilder's counsel. The homebuilder refused to sign the settlement document, which purported to release its claim of bad faith against Northern Insurance, on the ground that no attorney formally represented the homebuilder-insured during the settlement negotiations, that is, the Northern Insurance attorneys had no authority to bind the homebuilder to the release of the bad faith claim.

The trial court accepted the homebuilder's argument and refused to enforce the settlement because the homebuilder "had no representation on any of their own claims" against the insurance company. The Kentucky Court of Appeals agreed. *Northern Ins. Co. v. Seville Homes, Inc.*, 2006 WL 2520015 (Ky. App. Sept. 1, 2006). Apparently, the Northern Insurance attorneys handled the settlement negotiations on behalf of the homebuilder with the consent of the homebuilder's insurance defense counsel.[1] The appellate court reasoned essentially that because the scope of the insurance defense counsel's representation extended only to the defense of the homeowner's claims, the consent extended only limited authority to negotiate and did not include authority to bind the homebuilder on the release of its claims. *Northern Ins. Co.*, 2006

---

[1] The homebuilder was represented by insurance defense counsel provided by Northern Insurance and another provided by Motorist Mutual Insurance, under successive policies. The homebuilder's defense counsel provided by Northern Insurance shared documents and pleadings with attorneys representing Northern Insurance in preparation for a scheduled arbitration. The settlement was reached on the eve of the arbitration.

WL 2520015 at *3.

In the present matter, the homebuilder takes a position inconsistent with the position it advocated in state court and argues that when the Northern Insurance attorneys undertook to negotiate a universal settlement as counsel for the insurance company and on behalf of the homebuilder, an attorney-client relationship was formed between the Northern Insurance attorneys and the homebuilder. On the facts of the underlying state court action, however, this court concludes that no attorney-client relationship existed and concludes further that the homebuilder's contention to the contrary runs afoul of the doctrine of judicial estoppel.

"The doctrine of judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." *Teledyne Industries, Inc. v. N.L.R.B.*, 911 F.2d 1214, 1218 (1990). Because the state court accepted the homebuilder's argument that the Northern attorneys did not formally represent the homebuilder, this court concludes the homebuilder is judicially estopped from now arguing the existence of an attorney-client relationship. *Northern Ins. Co.*, 2006 WL 2520015 at *2. The state court rejected the counter position, i.e., that the Northern Insurance attorneys acted in behalf of the insured homebuilder as counsel in negotiating the settlement. Thus, the homebuilder cannot insist in this case that the Northern Insurance attorneys be held to a position judicially rejected by the Kentucky appellate court. Judicial estoppel requires the opposite result.

The court concludes disqualification is not warranted because the movant fails to establish the existence of an attorney-client relationship, an essential element for disqualification under *Dana*.

Finally, the homebuilder argues a conflict of interest is apparent because the Northern

-3-

Insurance attorneys are necessary witnesses in this matter – they participated in many of the underlying acts of bad faith to be litigated at trial. Such argument for disqualification routinely appears in bad faith litigation. In short, the court concludes that a conflict is premature if not unlikely. *See Zurich Insurance Co. v. Knotts*, 52 S.W.3d 555 (Ky. 2001).

The court being sufficiently advised,

**IT IS HEREBY ORDERED** that the motion to disqualify is **DENIED**.  (Dkt. 33.)

DATE:

Counsel of Record