UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


SEVILLE HOMES, INC., et al.                                              PLAINTIFFS

v.                                                       CIVIL ACTION NO 3:05-CV-477-S

ZURICH NORTH AMERICA, et al.                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on two motions for sanctions, (DNs 74, 77). First, Northern Insurance Company asks the Court to strike ¶ 32 of the Complaint and all allegations of lost business opportunities, damage to business reputation, or loss of sales and profits, in addition to lesser sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedure. In turn, Plaintiffs Seville Homes, Inc. and Randy Freeman move for Rule 11 sanctions. The Court concludes the motions should be denied.

As Northern correctly cites in its memorandum, to support Rule 37 sanctions, a threshold finding is a party's failure to cooperate in discovery "due to willfulness, bad faith, or fault." *See Doe v. Lexington-Fayette Urban Co. Gov.*, 407 F.3d 766 (6th Cir. 2005). The Court concludes Plaintiffs have displayed no such conduct. The course of discovery, including multiple responses and supplementation to interrogatories and requests, is conduct that, in the Court's view, discloses the relative strengths and weaknesses of the claims and defenses in this matter. It appears that Northern's discovery requests seek direct evidence of lost business opportunities and the like. Plaintiff's claim at this juncture appears to rest on circumstantial rather direct evidence. Whether

the absence of direct evidence is essential to Plaintiff's success on the merits is an inquiry better suited to adjudication on summary judgment rather than sanction practice. Accordingly, the Court will deny Northern's motion for sanctions.

Plaintiffs seek Rule 11 sanctions against Northern's attorneys on the allegation that the Rule 37 motion for sanctions is an attempt to unnecessarily delay this litigation. Northern responds that Plaintiffs' motion is itself a Rule 11 violation because it is baseless. Rule 11 does not apply to Rule 37 motions for sanctions. Rule 11(d). Therefore, motions having been made and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Northern Insurance Company of New York, for sanctions (DN 74) and the motion of the plaintiffs, Seville Homes, Inc., *et al.*, for sanctions (DN 77) are **DENIED.**

**IT IS SO ORDERED.**