UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SEVILLE HOMES, INC., et al.                                                                  PLAINTIFFS

v.                                                                       CIVIL ACTION NO. 3:05CV477-S

NORTHERN INSURANCE COMPANY OF NEW YORK. et al.                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiffs, Seville Homes, Inc. and Randy Freeman (collectively "Seville"), for partial summary judgment (DN 69).

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

In this action, Seville alleges, in part, that the defendant, Northern Insurance Company of New York ("Northern"), violated the Unfair Claims Settlement Practices Act ("KUCSPA"), KRS 304.12-230 (Count III), in its handling of an insurance claim for defective construction of a home. The complaint neither refers to a specific insurance policy nor adopts by incorporation any attachment which would provide the court with the insurance policy in question. The court is left to guess what policy is in issue. In looking through the file, the court has found portions of a "Precision Portfolio Policy" for homebuilders issued to Seville attached as Exhibit F to Northern's response to a motion for sanctions (DN 42-6). The policy is a Residential General Contractor Commercial General Liability Policy. Assuming that this is the policy in question,[1] there appears to have been a claim made under this policy that Seville alleges Northern did not fairly settle.

In particular, in this motion for partial summary judgment, Seville refers to its allegations in paragraphs 38 and 39 of Count III. In Count III, Seville state:

Count III<br>
<u>VIOLATION OF KRS 304.12-230</u>

...

> 37. KRS 304.12-230, the Kentucky Unfair Claims Settlement Practices Act, provides that certain practices by an insurer constitute a violation of the statute for which an insured may be compensated in damages. The Insurance Company has violated the following provisions of the Unfair Claims Settlement Practices Act:
>
> a...
>
> j...
>
> 38. Leathers, the adjuster assigned to the case by the Insurance Company, is not a licensed adjuster in the state of Kentucky. Leathers attempted to adjust the Askins's claims and made a settlement offer to the Askins in violation of KRS 304.9-430.

---

[1] The terms of the policy in question are not pertinent to this ruling on partial summary judgment. The contract of insurance is between Seville and Northern, presumably providing Seville commercial general liability coverage during construction of the Askins' home. The Askins and Ms. Leathers, the out-of-state adjuster for Northern whose actions are in issue in this motion, are not parties to the suit. Northern states that Leathers was located in Illinois and conducted all "investigation and adjusting activity" in connection with the claim from her office in Illinois.

> 39. The Insurance Company, as a result of its use of an unlicensed adjuster (Leathers), violated KRS 304.9-436.
>
> 40. The Insurance Company, by virtue of KRS 304.9-035, is liable for the acts and omissions of Leathers...
>
> 43. As a direct and proximate result of the Insurance Company's outrageous violations of Kentucky insurance law, Seville and Mr. Freeman have sustained damage in an amount yet undetermined for which they should be compensated.

Complaint, ¶¶ 37, 38-40, 43.

It is unclear from the complaint, as framed, whether Seville claims that Leathers' actions in "adjusting the Askins's claims" while unlicensed in Kentucky constitutes an unfair claims settlement practice under KUCSPA. It is also unclear what was intended with respect to the additional allegations that Northern has violated Kentucky law by utilizing the services of Leathers (¶39), and that Northern is liable for Leathers' actions while Leathers acted as Northern's agent (¶40). Count III is headed "Violation of KRS 304.12-230, and followed by seven numbered paragraphs. Paragraph 37 states that an insured may be compensated in damages for violations of KUCSPA. The structure of Count III thus suggests that Seville sought to include these "adjuster" allegations in a KUCSPA claim for damages.

The licensing status of adjusters is not mentioned in the statute defining unfair claims settlement practices. Therefore, to the extent that Seville claims that Northern violated KUCSPA by using an unlicensed adjuster, it fails to state a viable claim.

To the extent that Seville seeks to establish a claim independent of the KUCSPA framework, it must find viability through another statutory provision. Seville cites KRS 446.070 which states that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

First, the court is not convinced that an adjuster who does not enter the state is required to be licensed in Kentucky. (KRS 304.9-430(1) provides that "[n]o individual...shall in this state act as or hold himself or herself out to be an adjuster unless then licensed by the Kentucky Office of Insurance as an adjuster."). Northern asserts that Leathers never visited Kentucky with respect to the claim in issue, nor did she while in this state hold herself out as an adjuster, as she performed all adjusting activity for Northern concerning this claim from her Illinois office. Seville has cited no authority for the proposition that someone who is not "in this state" can be found to have violated the statute.

Assuming *arguendo* that Leathers did in Kentucky act as or hold herself out as an adjuster, she is not a defendant in this action. Further, Leathers could have no liability to Seville simply by being unlicensed. Seville acknowledges as much, urging the court to turn to KRS 446.070 which permits individuals to recover damages for statutory violations. However, 446.070 provides for recovery of only those damages sustained *by reason of* a statutory violation. Seville has neither alleged in the complaint nor offered on summary judgment evidence of damages suffered by reason of the Leathers' lack of a Kentucky adjuster's license. Seville's statement that it has suffered damages "to be proved at trial" is wholly insufficient. The viability of the claim rests upon the existence of a causal connection between the alleged statutory violation and some resulting damage suffered by the plaintiff. Damages have not been alleged to have resulted from the purported violation of 304.9-430(1). No damages have been identified at all.

Seville has moved for summary judgment on this claim. However, it has failed to establish entitlement to judgment as a matter of law, as it has failed to come forward with any evidence to support a claim for damages sustained by reason of the alleged statutory violation. Therefore, 446.070 does not afford Seville the remedy it seeks for the alleged "adjuster" allegations.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiffs, Seville Homes, Inc., *et al.*, for partial summary judgment (DN 69) is **DENIED.**

**IT IS SO ORDERED.**