UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SEVILLE HOMES, INC., et al.                                        PLAINTIFFS

v.                                              CIVIL ACTION NO. 3:05CV-477-S

NORTHERN INSURANCE COMPANY OF NEW YORK, et al.          DEFENDANTS

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the court on motion of the defendant, Northern Insurance Company of New York, *et al.*[1] ("Northern"), for partial summary judgment in this action brought by Seville Homes, Inc. and Randy Freeman (collectively, "Seville"), to recover damages allegedly suffered due to Northern's actions in handling a claim concerning defects in Seville's construction of a home for John and Denise Askin.  Northern seeks summary judgment as to Counts I and III with respect to Northern's handling of the Askins' non-personal property damage and bodily injury claims.

On January, 2002, Seville and the Askins entered into a contract for the construction of a residence in Prospect, Kentucky.  Construction was completed in December, 2002, the parties closed on the transaction, and the Askins took possession of the home.

Early in 2003, the Askins notified Seville that the basement and family room of the home flooded during periods of rain.  Seville made repairs in an attempt to alleviate the flooding, and notified Northern of the issue on September 30, 2003.  Seville was apparently unable to remedy the

---

[1]Zurich North America is also named as a defendant in this action.  Zurich North America is apparently not a legal entity, but rather a trade name employed by Northern. *See Notice of Removal, fn. 1.*

problems and entered into a Conciliation Agreement with the Askins in which Seville acknowledged responsibility for the leaks.

By letter dated October 28, 2003, Northern advised Seville that it was investigating the continuing flooding of the Askins' basement and their claim of damages for repair and for reimbursement for water-damaged items stored in the basement. The letter included a reservation of the right to deny coverage under the policy.

The Askins sued Seville and Northern over the unresolved problems. Northern provided Seville a defense, maintaining a reservation of the right to "deny coverage under the terms, exclusions, conditions and definitions of the Northern policy..." (Northern May 19, 2004 Letter to Seville). In May, 2004, without waiving its claims, the Askins accepted Northern's offer of $22, 628.25 to reimburse them for water damage to various items of personal property and for damaged carpeting in the basement.

The Askins' complaint claimed damage to the home, to personal property, and for emotional distress due to the proliferation of airborne fungal spores which the Askins feared could cause illness to their daughter. On March 1, 2005, Northern negotiated a settlement by which it sought to resolve the claims of all parties to the *Askins* action. Northern fully funded the settlement. The Askins released all claims against Seville and Northern. Despite Northern's impression that Seville would sign a release of its own claims against Northern, Seville declined to do so, and filed the present action in the Jefferson Circuit Court alleging common law bad faith (Count I), breach of contract (Count II), and various violations of the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA"), KRS 304.12-230 (Count III), and the Kentucky Consumer Protection Act, KRS

367.110, *et seq* Count V).  Seville also seeks punitive damages (Count IV).  The action was removed to this court under our diversity jurisdiction.

The court granted partial judgment  on the pleadings, dismissing Count V and a portion of Count III of the complaint.  The court found that various claims brought under KUCSPA were not sufficiently pled.  Additionally, Seville conceded that it failed to state a viable claim under the Kentucky Consumer Protection Act.

Seville also sought judgment on its claim in Count III that concerning Northern's use of an adjuster in Illinois in commencing an investigation of the flooding problems with the Askins' home. The court denied summary judgment to Seville, finding that neither KUCSPA nor any other statute afforded the remedy sought by Seville in relation to the use of this adjuster.

Northern now seeks summary judgment as to the remainder of Count III alleging other violations of KUCSPA and as to Count I alleging common law bad faith on the ground that the question of coverage under the policy with Seville was "fairly debatable" under Kentucky law at the time of the making of the claim.  Where the issue of coverage is one of first impression under Kentucky law, an insurer has a right to litigate the question, either of law or of fact, rather than be forced to "pay or deny a claim involving a legitimate first-impression coverage issue solely on the insurer's best guess or prediction as to what the appellate courts of this state might subsequently declare the law to be..."  *Empire Fire & Marine Ins. Co. v. Simpsonville Wrecker Service, Inc.*, 880 S.W.2d 886, 890 (Ky.App. 1994).  Therefore, Northern contends that Seville's bad faith claims against it fail as a matter of law.  Northern contends that the question of coverage was "fairly debatable" only as to its handling of the Askins' claims for non-personal property damage and

bodily injury.  Northern does not seek summary judgment in this motion with respect to any claims concerning its handling of the Askins' claim for property damage.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976).  Not every factual dispute between the parties will prevent summary judgment.  The disputed facts must be material.  They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).  The dispute must also be genuine.  The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party.  *Id.* at 2510.  The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.  *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).  The evidence must be construed in a light most favorable to the party opposing the motion.  *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

Northern has established that Kentucky courts had not spoken on the issue of whether comprehensive general liability ("CGL") policies afforded coverage for defective workmanship, breach of contract or breach of warranty claims at the time the Askins' claims arose.  However, other courts viewing Kentucky law determined that CGL policies did not afford such coverage.  *See Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 583 (6th Cir. 2001)(no coverage for defective workmanship); *Assurance Company of America v. Dusel Builders, Inc.*, 78 F.Supp.2d 607, 609

(W.D.Ky. 1999)(no coverage for defective workmanship or breach of contract); *Standard Constr. Co. v. Maryland Casualty Co.*, 359 F.3d 846, 852-53 (6th Cir. 2004)(no coverage for breach of warranty).  Coverage for the Askins' claims for damage to the home due to defective construction was therefore "fairly debatable" and thus Northern had the right to litigate these claims, if it chose to do so.  Summary judgment must therefore be granted as to Counts I and III insofar as the claims allege that Northern failed to pay, delayed paying, or failed to promptly settle after liability became reasonably clear with respect to the Askins' claims for non-personal property; that is, for damages relating to the condition of the home.

Seville focuses on Northern's eventual settlement of the claims prior to submission of the matter to binding arbitration, and attempts to translate this into an admission by Northern of coverage under the policy.  In fact, coverage was never determined one way or the other under the policy with respect to any of the Askins' claims.  Additionally, the fact that Northern settled the lawsuit as to the claims against Seville and itself alters nothing with respect to the right of Northern prior to that time to litigate the claims concerning the defects in the construction of the home.

Still further, Seville urges that the facts that (1) Northern paid a large sum in settlement, (2) adjuster Joe Piekarski valued the claims based upon his opinion as to Northern's likelihood of exposure under the policy, and (3) insurance agent James Brown believed the policy provided coverage for such events as occurred in this case,[2] should lead the court to conclude that there was

---

[2]Seville has moved to strike Northern's motion for partial summary judgment or, alternatively, to grant a continuance to permit Seville to take the depositions of the two adjusters, Margaret Leathers and Joe Piekarski, and Stephen Harris who were involved in handling the claim, and attorney Stephen Pearson who negotiated the settlement of the *Askins* action.  The motion is insufficient under Fed.R.Civ.P. 56(f) to warrant additional discovery, as the affidavit fails to specify the information sought from these individuals and fails to establish that testimony from fact witnesses bears any relevance to the motion for partial summary judgment.  It has offered no basis to strike the motion.  Therefore the motion to strike or for a continuance will be denied.  In any event, Seville has filed a fulsome response to the motion.

no "fair debatability" as to coverage.  However, the finding of a "fairly debatable" coverage issue is a legal conclusion based upon a review of the state of Kentucky law at the time the claim arose rather than on the opinions of individuals as to coverage.  As a matter of law, Northern had the right to litigate an open question of coverage in Kentucky.  The fact that Northern determined prior to commencing arbitration that it was advisable, for whatever reason, to settle all claims with the Askins is of no relevance in the decision concerning the "fair debatability" of the coverage question.

The Askins also sought recovery for emotional distress they allegedly sustained by reason of the development airborne fungal spores in the home which they feared made their daughter ill and would cause her further injury.  The fungal spores developed after the repeated infiltration of water could not be corrected.  The CGL policy contained a Fungus Exclusion Endorsement expressly precluding coverage for "bodily injury...caused directly or indirectly, in whole or in part, by...any fungus(es) or spore(s), or...any substance, vapor, or gas produced by or arising out of any fungus(es) or spore(s)."  "Bodily injury" was defined to include "mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease."  Northern was entitled to challenge a claim for coverage under this exclusion.  At the very least, the question of coverage for the emotional distress relating to the development of this potentially injurious condition in the home was "fairly debatable."  Further, to the extend that Seville contends that Northern's alleged delay in handling the claims caused the development of the fungal condition in the home, the claim for emotional distress over the risks associated with the development of this condition was asserted by and settled with the Askins.

Motions having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

1.   The motion of the plaintiffs, Seville Homes, inc. and randy Freeman, to strike or alternatively for continuance (DN 93) is **DENIED.**

2.   The motion of the defendant, Northern Insurance Company of New York, for partial summary judgment on Counts I and III with respect to the handling of the Askins' claims for non-personal property damage and bodily injury (DN 89) is **GRANTED, and Counts I and III of the Complaint are DISMISSED with respect to the handling of the claims of the Askins for non-personal property damage and bodily injury.**

**IT IS SO ORDERED.**

September 29, 2011

**Charles R. Simpson III, Judge**
**United States District Court**